# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 23, 2019

Lyle W. Cayce
Clerk

No. 18-11160

REGINA GOLDSTON, Individually and as the Administrator of the Estate of Kelvin Goldston,

> Plaintiff - Appellant

v.

BRUCE J. ANDERSON, Officer,

> Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CV-105

Before JOLLY, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Regina Goldston brought a § 1983 suit against Officer Bruce Anderson on behalf of her deceased son, Kelvin Goldston. Anderson moved for summary judgment based on qualified immunity. The district court granted Anderson's motion, finding that Goldston did not show that Anderson violated a clearly

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11160

established constitutional right and acted objectively unreasonably under the circumstances.  Goldston appealed.  We affirm.

When a defendant claims qualified immunity as a defense, the burden shifts to the plaintiff, who must rebut the defense.  *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002).  All inferences from the admissible evidence are drawn in the plaintiff's favor, but the plaintiff must still show that (1) the officer violated a constitutional right and (2) the officer's conduct was objectively unreasonable in light of clearly established law at the time of the violation.  *Terry v. Hubert*, 609 F.3d 757, 761 (5th Cir. 2010).

Counsel claims that Anderson violated Goldston's Fourth Amendment rights by his use of excessive force.  Officer Sara Straten had Goldston under surveillance in his girlfriends' home in order to fulfill several outstanding arrest warrants on him.  One of the warrants alleged that Goldston used his pickup truck to attempt to run over and then drag a police officer from Benbrook, Texas, while attempting to flee.  When Goldston arrived at the house, Straten notified Officer Anderson, who was waiting nearby to help if necessary.  When Goldston began to back out of the driveway in his pickup truck, Anderson blocked the vehicle with his patrol car.  Goldston got out of his truck and Anderson ordered him to show his hands and get on the ground.  Instead, Goldston got back into the truck and locked the doors.  Straten positioned her unmarked minivan behind him at an angle, boxing him in.  Apparently trying to escape, Goldston began to back up quickly toward Straten and Anderson fired into the cab, striking Goldston multiple times.

In order to prevail on an excessive-force claim, Goldston must show "(1) [an] injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable."  *Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005).  But this court has cautioned that "[a]n officer's use of deadly force is not excessive

No. 18-11160

. . . when the officer reasonably believes that the suspect poses a threat of serious harm to the officer or others." *Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009).

As the district court correctly observed, a vehicle can be a deadly weapon. If an officer believes he or others around him are in danger from the vehicle, it can be reasonable to use deadly force. *See Fraire v. City of Arlington*, 957 F.2d 1268, 1277 (5th Cir. 1992). Anderson knew that Straten was behind Goldston's pickup truck, either inside or outside the vehicle. He knew that Goldston had disobeyed multiple commands and had locked himself inside the truck. Additionally, Anderson knew that Goldston was wanted on multiple warrants, including one for allegedly dragging a police officer with his truck. When Goldston began to back up suddenly, it was reasonable for Anderson to believe that Officer Straten was in danger.

Counsel relies on *Tennessee v. Garner*, 471 U.S. 1 (1985), to argue that Goldston did not pose a threat to the officers and therefore deadly force was unjustified. *Garner*'s framework forbids deadly force unless the officer had probable cause to believe suspect poses "a threat of serious physical harm" to the officer or others. *Garner*, 471 U.S. at 3. But the Supreme Court has repeatedly reminded us "'not to define clearly established law at a high level of generality,'" such as by invoking *Garner*'s general standard. *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (quoting *Ashcroft v. Al-Kidd*, 563 U.S. 731, 742 (2011)). Instead, the inquiry must center on whether it was clearly unreasonable under the Fourth Amendment in the specific situation the officer confronted. *Mullenix*, 136 S. Ct. at 309. Existing precedent must place the conclusion that Anderson "acted unreasonably in these circumstances 'beyond debate.'" *Id*. (quoting *al-Kidd*, 563 U.S. at 741). Goldston did not meet this high bar here.

We affirm.